UNITED STATES of America

v.

UNITED CONCRETE PIPE CORPORATION et al., Defendants.

Crim. No. 3-690.

United States District Court
N. D. Texas,
Dallas Division.

Sept. 19, 1966.

M. M. Diggs, U. S. Atty., D. F. Turner, Asst. Atty. Gen., Gordon B. Spivack, John E. Sarbaugh, Thomas S. Howard,

William T. Huyck, Attys., Dept. of Justice, for the United States.

Stanley Neely and Larry M. Lesh, Dallas, Tex., for Gifford-Hill-American.

Irwin F. Woodland, Los Angeles, Cal., Russell A. Bergemann, Baldwin Park, Cal., House counsel, for United Concrete, William P. Fonville, Dallas, Tex., for United Concrete Pipe Corp. and Lloyd Earl.

## PRE-TRIAL ORDER

HUGHES, District Judge.

On September 1, 1966 came on to be heard the motions of the defendants United Concrete Pipe Corporation, Lloyd R. Earl, and Gifford-Hill-American, Inc. for discovery under Rule 16 of the Federal Rules of Criminal Procedure. Came the Government, by and through its attorney. Came the defendants, by and through their attorneys. The Court heard the motions and arguments of counsel for all parties, and being of the opinion that such motions should be granted in part,

It is ordered that:

1. Paragraph 1 of the motion of the defendants United Concrete Pipe Corporation as to officers of the corporation is sustained, and as to Lloyd R. Earl is hereby denied.

2. Paragraph 2(a) and (b) of the motion of the defendants United Concrete Pipe Corporation and Lloyd R. Earl as it applies to the documents of William C. Weyerman and William W. Greenway and those of other witnesses who testified before the Dallas grand jury is granted, except that this order does not authorize disclosure of such documents which are not material to proof of the conspiracy alleged in the indictment or which deal with collateral matters which may possibly arise at trial. In other respects it is denied.

3. Paragraph 3 of the motion of the defendant United Concrete Pipe Corporation is denied, except as to the transcripts of grand jury testimony of the following corporate officers of United: Richard I. Young, Russell Bergemann, George Curtis, and William Greenway. The Court holds that under Rule 16(a) (3) of the Federal Rules of Criminal Procedure a corporate defendant in a criminal antitrust action is entitled, without a showing of particularized need, to inspect the grand jury transcripts of testimony of its officers. The Government shall permit the defendant United Concrete Pipe Corporation to inspect and copy at the office of the United States Attorney in Dallas, Texas, the recorded testimony taken before the Los Angeles and Dallas grand juries of all officers of the said defendant corporation, to wit, Richard I. Young, Russell Bergemann, George Curtis, and William Greenway.

4. Paragraph 1 of the motion of the defendant Gifford-Hill-American, Inc. is sustained as to officers of the corporation.

5. Paragraph 2 of the motion of the defendant Gifford-Hill-American, Inc. is hereby denied, except as to the transcript of testimony of the following corporate officer of Gifford-Hill-American, Inc.: Charles B. Clinger. The Court holds that under Rule 16(a) (3) of the Federal Rules of Criminal Procedure a corporate defendant in a criminal antitrust action is entitled, without a showing of particularized need, to inspect the grand jury transcripts of testimony of its officers. The Government shall permit the defendant Gifford-Hill-American, Inc. to inspect and copy at the office of the United States Attorney in Dallas, Texas, the recorded testimony taken before the Los Angeles and Dallas grand juries of all officers of the said defendant corporation, to wit, Charles B. Clinger.

6. The disclosure of testimony and documents received by the Los Angeles grand jury which is provided by this order, is subject to approval of the United States District Judge of the Southern District of California.

7. The grand jury transcripts and documents which each defendant cor-

poration is permitted to see by this order are not to be removed from the office of the United States Attorney in Dallas except for copying, and shall only be made available to the respective defendant corporation and its attorneys of record, shall be used solely for the purpose of preparation for and trial of this case, and shall not be made available to any other defendant or its attorneys.

■ 8. This order does not require the disclosure of reports, memoranda, and other internal Government documents made by Government agents in connection with the investigation or prosecution of the case or of statements made by Government witnesses or prospective Government witnesses to agents of the Government as provided in 18 U.S.C. § 3500.

9. The documents and grand jury transcripts herein ordered to be produced for inspection shall be sent by the Government to the office of the United States Attorney at Dallas, Texas, to be there held until time of trial. The described grand jury transcripts ordered to be produced under paragraphs 4 and 6 of this Order shall be produced on September 22, 1966. The documents to be produced under paragraphs 1 and 5 of this Order shall be produced on October 1, 1966.

10. The exhibits to be used by any party at the trial of this case shall be marked for identification prior to trial.

11. The parties are to submit to the Court four days prior to trial any questions which the party desires to have the Court ask the jury panel on voir dire.

12. Requested instructions are to be submitted to the Court one week before the trial, together with supporting authorities.

13. During the trial the Government and defendants shall on the afternoon of the day preceding the testimony of a witness provide to each other a list of the names of all witnesses expected to be called to testify on the following day.

14. The trial of this case is to commence on November 7, 1966, at 10:00 o'clock A.M.

15. In the event that the Government seeks review of paragraphs 3 and 5 of this Order by the Court of Appeals, compliance with these two paragraphs shall be stayed until after ruling by the appellate court.